UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAYEMA LABONI,<br><br>                          Plaintiff,<br><br>          -v.-<br><br>FIFTH THIRD BANK,<br><br>                          Defendant. | |

25 Civ. 901 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:[1]

Plaintiff Nayema Laboni, who is proceeding *pro se*, brings this action against Defendant Fifth Third Bank ("Fifth Third"), arising from Fifth Third's decision not to hire Ms. Laboni following a series of interviews for a relationship banker position. In her operative pleading, Ms. Laboni asserts claims for (i) disability discrimination under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. ch. 126, (ii) spoliation of evidence under what Ms. Laboni characterizes as state and federal law, and (iii) violation of the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030. Before the Court is Fifth Third's motion to dismiss Ms. Laboni's claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants the motion to dismiss.

---

[1]     Jennifer Lee, a rising second-year student at Harvard Law School and an intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

## BACKGROUND[2]

### A.    Factual Background

On December 29, 2022, Ms. Laboni applied for three different relationship banker positions at Fifth Third.  (Compl. 1).[3]  On January 5, 2023, she completed her first-round interview with financial center manager Angela Becker.  (*Id.*).  On January 18, 2023, Ms. Laboni completed another interview with regional manager Michael McCarthy.  (*Id.*).  During that interview, Mr. McCarthy informed Ms. Laboni that Fifth Third would not give her an offer letter "now," but would do so "when [the bank was] ready to offer [Ms. Laboni] a position."  (*Id.*).

About a week after her interview with Mr. McCarthy, Ms. Laboni reached out to Fifth Third recruiter Jenny Bauer via email, sharing that she "needed to see a therapist [as soon as possible]."  (Compl. 2).  Ms. Laboni informed Ms. Bauer that her current therapist might not accept the insurance she would receive were she to be employed at Fifth Third, and that it was important for Ms. Laboni to continue seeing the same therapist.  (*Id.*).  Ms. Bauer responded that Ms. Laboni should "let Julie [Cross, another employee at Fifth Third,] know once she reaches out to you."  (*Id.*).

---

[2]    This Opinion draws its facts from the Complaint ("Compl." (Dkt. #1)), the well-pleaded allegations of which are taken as true for purposes of this Opinion.  *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

For ease of reference, the Court refers to Defendant's memorandum of law in support of its motion to dismiss as "Def. Br." (Dkt. #20), to Plaintiff's opposition to Defendant's motion as "Pl. Opp." (Dkt. #31), and to Defendant's memorandum of law in reply as "Def. Reply" (Dkt. #33).

[3]    Because the Complaint contains duplicate paragraph numbers, this Opinion refers to page numbers rather than paragraph numbers.

On January 31, 2023, Ms. Laboni emailed Ms. Bauer asking for an update. (Compl. 2). Instead of hearing back from Ms. Bauer, Ms. Laboni received a rejection email from Ms. Cross. (*Id.*). Ms. Laboni believes she was rejected "due to informing recruiters about [her] need to see a therapist." (*Id.*). According to Ms. Laboni, "interviewers and recruiters from Fifth Third Bank were visibly and certainly impressed by [her] educational and professional background"; what is more, Fifth Third "[maintained] communications and worded communication with [her] in a manner that guaranteed [that she] … will essentially be hired." (*Id.* at 3). After multiple attempts at outreach, Ms. Laboni was able to speak with Ms. Bauer via phone and inquired whether she was rejected due to informing the recruiter about her need to see a therapist. (*Id.*). Ms. Bauer "repeatedly said no." (*Id.*). Ms. Laboni did not receive further responses from Fifth Third following her conversation with Ms. Bauer. (*Id.*).

At some point between May and June 2023, Ms. Laboni was no longer able to locate in her personal account the email in which she informed Ms. Bauer about her need to see a therapist. (Compl. 3). In early 2024, Ms. Laboni posted on Reddit's legal channel to seek advice and included the email exchange with Ms. Bauer in her post. (*Id.* at 4). Immediately after making the post, Ms. Laboni could no longer locate the email exchange, including the email in which she informed Ms. Bauer about her therapy needs. (*Id.*). Because she did not delete the email or email exchange herself, Ms. Laboni believes that Fifth Third "took help from a professional hacker" to delete those emails from her personal account so that she would lack proof in any future litigation. (*Id.*).

3

**B.      Procedural Background**

On January 30, 2025, Ms. Laboni filed her Complaint in this Court. (Dkt. #1).  The Complaint asserts three claims against Fifth Third: (i) disability discrimination during the hiring process in violation of the ADA; (ii) intentional spoliation of evidence; and (iii) unauthorized access of Ms. Laboni's personal account in violation of the CFAA.  (Compl. 1-4).  Ms. Laboni seeks monetary relief on each claim.  (*Id.* at 2, 4).  The Complaint does not include a charge of discrimination filed with the Equal Employment Opportunity Commission (the "EEOC") or any equivalent state or local agency, nor does it attach or reference a notice of right to sue.

On July 14, 2025, Fifth Third filed a letter requesting a pre-motion conference to discuss its anticipated motion to dismiss.  (Dkt. #10).  The Court granted Fifth Third's request and scheduled a conference for August 15, 2025, which was subsequently adjourned to September 4, 2025.  (Dkt. #11, 12).

On September 4, 2025, the Court held the pre-motion conference. (September 4, 2025 Minute Entry).  Ms. Laboni did not appear, but later contacted the Court to reschedule the conference.  The Court held the rescheduled pre-motion conference on September 17, 2025 (September 17, 2025 Minute Entry), and it gave Ms. Laboni an opportunity to amend her complaint on or before October 1, 2025 (Dkt. #13).

On October 14, 2025, Fifth Third filed a letter inquiring as to whether Ms. Laboni had filed an amended complaint.  (Dkt. #14).  The Court noted that Ms. Laboni had not done so and directed her to file either an amended

4

complaint or a letter stating her intention to proceed on her original complaint without further amendment by November 14, 2025.  (Dkt. #15).  On November 21, 2025, Ms. Laboni filed a letter stating that she did not intend to submit an amended complaint.  (Dkt. #16).

The Court directed Fifth Third to file its motion to dismiss based on Plaintiff's original complaint.  (Dkt. #17).  Pursuant to the schedule set by the Court (*id.*), Fifth Third timely filed its motion to dismiss and supporting papers on January 8, 2026.  (Dkt. #18-21).  After receiving several extensions of time (Dkt. #24, 26, 29), Ms. Laboni filed her opposition on April 13, 2026 (Dkt. #31).  Fifth Third filed its reply on April 28, 2026.  (Dkt. #33).  The motion is now fully briefed.

**DISCUSSION**

## A.    Applicable Law

On a Rule 12(b)(6) motion, the court "draw[s] all reasonable inferences in [the plaintiff's] favor, assume[s] all well-pleaded factual allegations to be true, and determine[s] whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)); *see Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009).  A plaintiff is entitled to relief if she alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  Nevertheless, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions."  *Rolon* v. *Henneman*, 517

5

F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)).  Indeed, the plaintiff must do more than provide a "formulaic recitation of the elements of a cause of action" — that is, her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In *pro se* cases, the court must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod* v. *Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted) (quoting *Bertin* v. *United States*, 478 F.3d 489, 491 (2d Cir. 2007)).  The Supreme Court has instructed that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted) (quoting *Estelle* v. *Gamble*, 429 U.S. 97, 106 (1976)).  Even so, "a *pro se* complaint must state a plausible claim for relief," *Hogan* v. *Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citing *Harris* v. *Mills*, 572 F.3d 66, 73 (2d Cir. 2009)), and "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (internal quotation marks omitted) (quoting *Traguth* v. *Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

6

**B.    The Court Grants Fifth Third's Motion to Dismiss Under Rule 12(b)(6)**

**1.    Plaintiff's ADA Claim Must Be Dismissed Due to Lack of Exhaustion and Failure to Plead Certain Elements**

**a.    Plaintiff Has Not Exhausted Her Administrative Remedies**

A "plaintiff seeking to bring a claim pursuant to the Americans with Disabilities Act … must exhaust administrative remedies through the EEOC[.]" *Soules* v. *Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018). The administrative exhaustion requirement is not jurisdictional, but is "a mandatory claim-processing rule." *Fort Bend County.* v. *Davis*, 587 U.S. 541, 549-51 (2019); *accord Anderson* v. *City of New York,* 712 F. Supp. 3d 412, 426 n.6 (S.D.N.Y. 2024) (noting that, although administrative exhaustion in the ADA context is not a jurisdictional prerequisite, a court should grant a motion to dismiss if non-exhaustion "is clear from the face of the complaint (and incorporated documents)" (collecting cases)). The administrative exhaustion requirement "applies to *pro se* and counseled plaintiffs alike." *Fowlkes* v. *Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015) (citing *Pikulin* v. *City Univ. of N.Y.*, 176 F.3d 598, 599-600 (2d Cir. 1999) (per curiam)). Exhaustion is an "essential element of the ADA statutory scheme and is a precondition to bringing ADA claims in federal court." *Mulkern* v. *Lowe's Home Centers, LLC*, No. 23 Civ. 3689 (KMK), 2025 WL 674325, at *3 (S.D.N.Y. Mar. 3, 2025) (citing *Kirkland-Hudson* v. *Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 437

7

(S.D.N.Y. 2023)); *see also Legnani* v. *Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam).

To satisfy the exhaustion requirement, a plaintiff must file a charge of discrimination with the EEOC or an equivalent state or local agency "within three hundred days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1); *see id.* § 12117(a) (applying Title VII enforcement procedures to claims brought under the ADA).  The plaintiff must also obtain a notice of right to sue before filing suit in federal district court.  *Calderon* v. *Koneska Health*, No. 22 Civ. 7808 (LTS), 2023 WL 2612216, at *4 (S.D.N.Y. Mar. 22, 2023) (citing 42 U.S.C. § 2000e-5(f)(1)).  "Although exhaustion is an affirmative defense on which the defendant bears the burden of proof, … the defense may be properly considered where the … circumstances are sufficiently clear on the face of the complaint."  *Carillo* v. *Wildlife Conservation Soc'y*, No. 23 Civ. 7387 (ARR) (PK), 2024 WL 4225555, at *2-3 (E.D.N.Y. Sept. 18, 2024) (internal quotation marks omitted) (quoting *Kirk* v. *Mount Vernon City Sch. Dist.*, No. 23 Civ. 7441 (CS), 2024 WL 3794591, at *4 (S.D.N.Y. Aug. 13, 2024)); *see also Hardaway* v. *Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).

Here, the Complaint does not allege that Ms. Laboni filed a charge of discrimination with the EEOC or an equivalent state or local agency, nor has a notice of right to sue been attached to or referenced in the Complaint.  *See Carillo*, 2024 WL 4225555, at *2-3 (dismissing ADA claim where it was plain from face of complaint that plaintiff did not file a timely charge of

8

discrimination with the requisite agencies).  In response to Fifth Third's explicit discussion of the exhaustion requirement in its opening brief (Def. Br. 4), Ms. Laboni's opposition does not address exhaustion or identify any exception that might excuse her failure to exhaust.  *See Fowlkes*, 790 F.3d at 384-86 (noting that exhaustion is subject to certain equitable defenses) (citing *Fernandez* v. *Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006)).  Finally, the alleged adverse act occurred on January 31, 2023 (Compl. 2), and the 300-day window within which Ms. Laboni was required to file a charge has since closed.  On this record, Ms. Laboni's ADA claim must be dismissed for failure to exhaust.

### b.    Plaintiff Has Not Plausibly Alleged Disability Discrimination

Even if Ms. Laboni had exhausted all administrative remedies and received a notice of her right to sue, her ADA claim would still fail on the merits.  The ADA's prohibition on discrimination expressly extends to "job application procedures" and to the hiring of employees, 42 U.S.C. § 12112(a), and there are four required elements to establish a *prima facie* case of disability discrimination under the statute.  *Sista* v. *CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (citing *Giordano* v. *City of New York*, 274 F.3d 740, 747 (2d Cir. 2001)).  "A plaintiff must show [i] that [her] employer is subject to the ADA; [ii] that [s]he is disabled within the meaning of the ADA or perceived to be so by [her] employer; [iii] that [s]he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and [iv] that [s]he suffered an adverse employment action because of [her] disability."  *Brady*

v. *Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (citing *Jacques* v. *DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004)).

At the pleading stage, the plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." *Anderson*, 712 F. Supp. 3d at 423 (internal quotation marks omitted) (citing *Langella* v. *Mahopac Cent. Sch. Dist.*, No. 18 Civ. 10023 (NSR), 2023 WL 2529780, at *3 (S.D.N.Y. Mar. 15, 2023)). Fifth Third argues that Ms. Laboni has not alleged at least two of the four requisite elements — namely, that she is disabled within the meaning of the ADA, and that she was not hired because of her disability. (Def. Br. 6).[4] The Court agrees.

*First*, Ms. Laboni does not identify any disability from which she suffers. The ADA defines a disability as a "physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). To plead a qualifying mental disability, the plaintiff must allege that she suffers from a mental impairment, that the impairment affects a major life activity, and that it substantially limits that activity. *See Anderson*, 712 F. Supp. 3d at 432-33 (internal quotation marks omitted) (quoting *O'Hara* v. *Bd. of Coop. Educ. Servs., S. Westchester*, No. 18 Civ. 8502 (KMK), 2020 WL 1244474, at *12 (S.D.N.Y. Mar. 16, 2020)) (identifying the "nature and severity of the impairment; its duration or expected duration; and the existence of any actual

---

[4]    As noted, a plaintiff stating an ADA claim must first establish an actual or perceived disability. *See Brady* v. *Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). The Court recognizes that Plaintiff does not contend that Fifth Third perceived her to be disabled. For the remainder of this opinion, the Court refers to "disability" as encompassing both actual and perceived impairments.

or expected permanent or long term impact" as relevant factors for whether a major life activity is substantially limited).

Ms. Laboni does not specify a diagnosis, nor does the Complaint describe any mental (or physical) conditions that limit a major life activity. To the extent that Ms. Laboni has disclosed a condition, the Complaint references only that she informed a Fifth Third recruiter that she "needed to see a therapist." (Compl. 2). But expressing a desire to meet with a therapist alone does not establish a mental impairment that substantially limits a major life activity within the meaning of the ADA. *See Williams* v. *Dudley,* No. 23 Civ. 11018 (JPC) (RFT), 2025 WL 2842286, at *6 (S.D.N.Y. Feb. 27, 2025) (dismissing ADA claim where plaintiff failed to show that he was denied an accommodation because of mental illness). Because the Complaint does not describe such a condition or explain how any impairment substantially limits a major life activity, Ms. Laboni has not plausibly alleged a disability within the meaning of the ADA.

*Second,* even assuming a sufficiently pleaded disability within the meaning of the ADA, Ms. Laboni has not alleged facts giving rise to an inference that Fifth Third declined to hire her due to a disability. *See Howard* v. *United Parcel Serv., Inc.,* 101 F. Supp. 3d 343, 352 (S.D.N.Y. 2015) (holding that "the adverse employment action must be causally linked to the alleged act of discrimination on the basis of disability" (citing *Parker* v. *Sony Pictures Ent., Inc.,* 260 F.3d 100, 107 (2d Cir. 2001))), *aff'd,* 648 F. App'x 38 (2d Cir. 2016) (summary order). Where a plaintiff fails to plead any facts that could lead to a

causal connection that an adverse action taken by the defendant was based on a protected characteristic of the plaintiff, dismissal of the complaint is proper. *See Munoz-Nagel* v. *Guess, Inc.*, No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *6 (S.D.N.Y. Apr. 30, 2013) (dismissing claim where plaintiff failed to plead specific factual allegations giving rise to an inference of discrimination based on age or disability).

In this case, Ms. Laboni has included only attenuated claims from which she seeks this Court to infer that Fifth Third did not hire her because of her alleged disability. These claims, however, lack a "nexus or causal connection" between the decision not to hire her and her communicated desire to see a therapist. *Felix* v. *N.Y.C. Transit Auth.*, 154 F. Supp. 2d 640, 659-60 (S.D.N.Y. 2001), *aff'd*, 324 F.3d 102 (2d Cir. 2003); *see id.* at 652 (holding that the lack of causal nexus was "fatal" to plaintiff's ADA claim). The Complaint fails to show that Fifth Third's decision to not hire Ms. Laboni was on account of her alleged disability. *See Alexander* v. *DiDomenico*, 324 F. App'x 93, 95 (2d Cir. 2009) (summary order) (affirming dismissal due to lack of evidence that defendants' decision not to hire was due to plaintiff's disability). Viewed in the most favorable light, Ms. Laboni's theory rests on an indirect "temporal proximity" between her therapist disclosure and the rejection she received from Fifth Third, coupled with her belief that the proximity reveals a discriminatory motive. *See Zann Kwan* v. *Andalex Group LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (holding that plaintiff's allegations sufficiently allege causation through temporal proximity). However, "temporal proximity alone is rarely enough to

12

establish an inference of discrimination[.]" *Dooley* v. *JetBlue Airways Corp.*, No. 14 Civ. 4432 (JMF), 2017 WL 3738721, at *5 (S.D.N.Y. Aug. 29, 2017) (citing *Washington* v. *Garage Mgmt. Corp.*, No. 11 Civ. 3420 (CM), 2014 WL 2989947, at *9 (S.D.N.Y. July 1, 2014)), *aff'd,* 751 F. App'x 52 (2d Cir. 2018) (summary order); *see also Brooks* v. *Bright Horizons Fam. Sols., Inc.*, No. 25-1830-cv, 2026 WL 1660493, at *4 (2d Cir. June 9, 2026) (summary order) ("While temporal proximity can establish a causal connection, and there is no 'bright line' rule that defines 'the outer limits beyond which a temporal relationship is too attenuated to establish causation,' where a plaintiff points only to 'mere temporal proximity,' it must be 'very close[.]'" (emphasis omitted) (internal citations omitted) (first quoting *Vega* v. *Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015); then quoting *Clark Cnty. Sch. Dist.* v. *Breeden*, 532 U.S. 268, 273 (2001))).

The instant Complaint does not supply facts that make the inference reasonable, as opposed to speculative, that Fifth Third's decision not to hire Ms. Laboni was influenced by her disclosure regarding her desire to see a therapist. In consequence, Ms. Laboni fails to plead a "plausible nexus" between her therapy disclosure and Fifth Third's failure to hire her. *See Idlisan* v. *N.Y.C. Health & Hosps. Corp.*, No. 12 Civ. 9163 (PAE), 2013 WL 6049076, at *5 (S.D.N.Y. Nov. 15, 2013) (dismissing discrimination claim where plaintiff "expresses his own personal belief, in a conclusory manner" that his rejection was based on his disability). For example, Ms. Laboni does not allege that any Fifth Third employees "displayed any animus towards her or anyone else …

13

based on actual or perceived disability." *See Pustilnik* v. *Battery Park City Auth.*, No. 18 Civ. 9446 (RA), 2019 WL 6498711, at \*8 (S.D.N.Y. Dec. 3, 2019) (dismissing failure-to-hire claim due to inability to "raise an inference of discrimination absent further factual support" (citing *Jackson* v. *County of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (summary order))).

In fact, Ms. Laboni's other allegations weaken any such inference of discrimination. The Complaint states that Mr. McCarthy explicitly informed Ms. Laboni that he would not extend an offer "now," occurring *prior* to her disclosure to Ms. Bauer. (Compl. 1). Moreover, when Ms. Laboni asked Ms. Bauer directly whether her prior therapy disclosure was the reason for her rejection, Ms. Bauer repeatedly stated that it was not. (*Id.* at 3). Accordingly, the Complaint alleges only that Ms. Laboni was not hired after her disclosure, but not that the disclosure caused her to be rejected. (*See id.*). Because Ms. Laboni fails to adequately plead facts that give rise to an inference that Fifth Third did not hire her because of a disability, her ADA claim must be dismissed.

### 2.    Plaintiff's Spoliation Claim Lacks a Valid Cause of Action

Spoliation refers to "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West* v. *Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citing *Black's Law Dictionary* 1401 (6th ed. 1990)). "While a party to an action may bring a motion for sanctions for spoliation against another party in that action," spoliation is not a freestanding

claim for relief.  *Andrews* v. *City of New York*, No. 23 Civ. 2411 (LTS), 2023 WL

3724978, at *5 (S.D.N.Y. May 30, 2023).  There is no independent cause of

action for spoliation under either federal or New York law.  *See id.* (observing

that no independent federal cause of action exists); *Mohammed* v. *Delta Air

Lines, Inc.*, No. 08 Civ. 1405 (FB) (JMA), 2011 WL 5553827, at *4 (E.D.N.Y.

June 8, 2011) ("New York [s]tate law does not recognize an independent tort of

spoliation, either by third-parties or first-parties."); *accord Ortega* v. *City of New

York*, 9 N.Y.3d 69, 83 (2007).

Even with the "special solicitude" owed to *pro se* plaintiffs, *Ruotolo* v.

*I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), Ms. Laboni lacks a valid cause of action and

her claim must be dismissed.  *See Triestman*, 470 F.3d at 475 (explaining that

courts should interpret such claims "to raise the strongest arguments that they

suggest" (citing *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006))); *see also*

*Harris* v. *Mills*, 572 F.3d at 72 (holding that *pro se* complaints must be

construed liberally).  Because the law recognizes no independent claim for

spoliation, Ms. Laboni's spoliation claim is dismissed with prejudice.

### 3. Plaintiff Fails to Plead a Valid CFAA Claim

Ms. Laboni's final claim is brought under the CFAA, which imposes

criminal liability on any person who "intentionally accesses a computer without

authorization or exceeds authorized access, and thereby obtains … information

from any protected computer[.]"  18 U.S.C. § 1030(a)(2).  A section of the

statute allows for "[a]ny person who suffers damage or loss by reason of a

violation of [the CFAA]" to bring a civil action against the violator.  *See id.*

15

§ 1030(g).  Only certain types of damages are compensable under Section 1030(g): among other considerations, a plaintiff's civil claim must include allegations of a loss "aggregating at least $5,000 in value" during a one-year period.  *See id.* § 1030(c)(4)(A)(i)(I); *New London Assocs., LLC* v. *Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 408 (S.D.N.Y. 2019) (explaining that a plaintiff must allege at least $5,000 in qualifying losses to maintain a civil action).  In this case, Ms. Laboni's claim fails on two independent grounds.

*First*, Ms. Laboni fails to adequately allege that Fifth Third obtained unauthorized access to any computer or account belonging to her.  The Complaint contains no factual allegation that Fifth Third accessed her personal computer, email account, or Reddit account[5] — none of which was issued or maintained by Fifth Third.  Ms. Laboni alleges only that an email disappeared from her personal account, inferring from those events that Fifth Third "took help from a professional hacker" to delete the thread.  (Compl. 4).  Such a conclusory, speculative allegation cannot survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 (explaining that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (citing *Twombly*, 550 U.S. at 555)).  Ms. Laboni pleads no facts from which the Court could plausibly infer that Fifth Third accessed, or *could* access, any computer or account in her possession.

---

5       Fifth Third alleges that Ms. Laboni's Reddit post was deleted (Def. Br. 3), but Ms. Laboni's Complaint does not include this claim.  For this reason, the Court does not engage in any analysis of the Reddit post.

16

*Second*, Ms. Laboni does not allege the loss amount required by the statute. The Complaint identifies no quantifiable harm or loss "aggregating at least $5,000 in value" within a one-year period. 18 U.S.C. § 1030(c)(4)(A)(i)(I). Ms. Laboni's opposition fails to address this defect, instead arguing that the missing email exchange is necessary to "supplement [her] pleading," but this argument only serves to confirm that the requisite facts are absent from the Complaint. (Pl. Opp. 1). Ms. Laboni's CFAA claim is therefore dismissed.

## C.    The Court Declines to Grant Further Leave to Amend

A district court should ordinarily afford a *pro se* plaintiff "an opportunity to amend a complaint to cure its defects, but leave to amend is not warranted where it would be futile." *Buhannic* v. *Friedman*, No. 18 Civ. 5729 (RA), 2019 WL 481732, at *6 (S.D.N.Y. Feb. 7, 2019) (internal quotation marks omitted) (quoting *Boone* v. *Codispoti & Assocs. P.C.*, No. 15 Civ. 1391 (LGS), 2015 WL 5853843, at *5 (S.D.N.Y. Oct. 7, 2015)); *see also Hill* v. *Curcione*, 657 F.3d 116, 122-124 (2d Cir. 2011). Amendment is considered "futile" when there are substantive issues with a plaintiff's causes of action and "better pleading will not cure it." *Id.* (internal quotation marks omitted) (quoting *Cuoco* v. *Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). This Court has already extended such an opportunity, granting Ms. Laboni leave to amend following the September 17, 2025 pre-motion conference. (Dkt. #13, 15). Ms. Laboni elected instead to stand on her original Complaint (Dkt. #16), and she has not asked for another opportunity to amend.

In any event, amendment would be futile here. *See Vlad-Berindan* v. *N.Y.C. Metro. Transp. Auth.*, 779 F. App'x 774, 778 (2d Cir. 2019) (summary order) (affirming denial of leave to amend where plaintiff did not explain how she could cure defects if granted). Ms. Laboni's spoliation claim fails as a matter of law because no cause of action exists, and the defects in her ADA and CFAA claims — including a closed exhaustion window and the absence of factual support for the alleged hacking — would not be remedied by leave to amend. The Court declines to provide further leave to amend.

**CONCLUSION**

For the foregoing reasons, Fifth Third's motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:     June 18, 2026
           New York, New York

_____
          KATHERINE POLK FAILLA
          United States District Judge

18